Scott Ray **ASHER** and Kimberly Dawn Asher, Plaintiffs–Appellants,

v.

**PACIFIC LEGENDS WEST CONDMINIUM ASSOCIATION; et al., Defendants,**

and

**Las Vegas Metropolitan Police Department; et al., Defendants–Appellees.**

No. 10–17118.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2011.

Filed Dec. 22, 2011.

Robert James Kossack, I, Esquire, Kossack Law Offices, Las Vegas, NV, for Plaintiffs–Appellants.

Craig R. Anderson, Esquire, Director, Micah S. Echols, Esquire, Marquis & Aurbach, Las Vegas, NV, for Defendants–Appellees.

Before: NOONAN and BEA, Circuit Judges, and WALTER, Senior District Judge.*

---

\* The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for Western Louisiana, sitting by designation.

MEMORANDUM **

Scott Ray Asher and Kimberly Dawn Asher appeal summary judgment in favor of the Las Vegas Metropolitan Police Department for the wrongful arrest of Scott Asher during the investigation of a mailbox theft.

The district court erred in finding that the officers had probable cause to arrest Scott Asher. There was no evidence that the two residents, who had already called in the media, had any first-hand observation of Scott Asher separate from the surveillance video. The officers had a duty to independently investigate their allegations. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1444 (9th Cir.1991). The poor quality of the surveillance video made identification based on it improbable. One officer said he'd seen a black jacket in the Asher residence, but after a search warrant was executed, none was found. The actual thief's surprise at seeing the surveillance camera made it unlikely that he was a resident who regularly picked up his mail in the mail room.

Probable cause was lacking. The same facts establish that the officers are not entitled to qualified immunity, a privilege forfeited by "the plainly incompetent." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

We affirm the other rulings of the district court.

Each party shall bear its own costs.

AFFIRMED IN PART, REVERSED AND REMANDED FOR TRIAL.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.